The next case is Pierre v. FJC Security Services. Thank you. Thanks. Mr. Pierre, you can take the microphone. Good morning, everyone. Good morning. My name is Jean-Jesper Pierre. I'm a security officer. I worked for 20 years as a security officer. I know everything. When I'm on my job, I have to report it. My employer called FJC Security Services Incorporation. What does that company do? That company provides security, protection, investigation. I work for them. When I work for them, because the first company I worked for, Bellevue Hospital and Main Shelter, founded in 1938 in Manhattan. The first company lost the contract. I don't know why. They took the contract to a new company, FJC Security. I have all my performance, all my connaissance, all my knowledge, and my skills on my job. The new company, FJC Security, is a co-op company. That's called RICO. Racketing, Influence, Crime, Corruption Organization. RICO company. How? I have eight supervisors. More than eight supervisors on my head. No problem. I work. Because I worked six years before you on my job. You are a new company. Eight supervisors. What are they? Excuse my expression. I don't have a... Sorry for the expression. I don't have a normal expression like that. They are lesbians. More than eight supervisors. Lesbians, homosexuals, immoralities, immorality. They hire people without license. Become my wife and I hire you. What the company is? 400 East 38th Street, Bellevue Hospital. And main shelter have a contract department homeless security. First supervisor has no license, nothing, and become supervisor. How? He cannot sign her name. He cannot write the address. She name Quintana Miss Jones. How become supervisor? But it is not my job because they don't hire me to do that. I do my job. Now, the eight supervisors, they organize themselves, make a business immorality. Federal rule, regulation against sexual immorality inside the job agency. We have a lot of laws support that. Sexual immorality like 404, 609, and federal rule, regulation. And okay, I still work. Now, the young girl come in as a lesbian, heterosexual, homosexual, gay lesbian. They set up a system called gay lesbianism. I don't have problem. I do my job. Now, the lady work with me. She knew. She even no license too. And she left the site without notify. The policy said that when you go to the lunch, whatever, you will leave the site. Call your partner. Notify on the logbook. And call the base. She disappear on the first. I don't see her. Call her where she is. You know, I wait for her. I don't see her. She move around. And the supervisor, Ms. Lloyd, is a captain supervisor. No, a lieutenant. Lieutenant supervisor. But gay lesbian too. And question, oh, why you left your site? You don't see Mr. Pierre? And you leave him? Or you quit? Or why you don't work? She gave her a question, but it's not true. After a few minutes, the lady come. Why, why, why? Give me trouble. You know, I don't know if you leave the job. I don't know nothing about that. I thought maybe you were in the bathroom somewhere. I don't say supervisor. I don't tell lieutenant supervisor to blame you. I don't know nothing. She give me trouble, persecute me every day. But she has a power. She are young. She know the system. All supervisors are looking for young girl for becoming your wife. The first supervisor called Daly, Mr. Daly. He, okay, I have been mentioned. He put me out. When the red light goes on, that means your time is up. But, okay, and I bring my employer to the court for under Title VII, Act of 1964, civil off-right. Under Title VII. But in district court, take my complaint, my lawsuit. The opposing party never come in, don't come in. They send you the letter, they have to come to the district court. They come in, they come in anyway. Okay? Now... Mr. Pierre, we've read the papers that you submitted. We have read all the papers that you submitted. We've read them. We've read the papers that you've submitted. So now we have to hear from the other side. They are... The supervisor finally fired. Why have a witness? The witness never come in. Because everything happen between me and my enemy and the supervisor and I writing in the log book and my appendix. Everything. We have all those papers that you submitted. And then the supervisor fired. Why my witness fired the supervisor for that? My witness called Ms. Ennis Reid. Maybe Dr. Ennis Reid. Mr. Pierre, Mr. Pierre. I don't know why. Mr. Pierre. Yes. So, thank you very much. We understand your argument. It was, I think, we got the argument. Can we hear from her? Can you sit down and can we hear from her? Thank you very much. Thank you very much. I'll ask you the violator and I have two civil content and criminal content against Ms. Ennis Reid. Never come to the court. They don't take any action. Let's hear from her. And Cicion, Ms. Lloyd, they make compromise with my counsel. Let's hear from her. That is not correct. A court is a way to come to ask for justice. Cicion, Ms. Lloyd, make deal with the counsel. Let's hear from her. We underpin law and order. Okay. And justice. Thank you. We'll hear from FJC Security. Good morning, Your Honors. My name is Sharon Simon from the Ingber Law Firm, PLLC. We represent the appellee, FJC Security Services. I'm sure Your Honors are familiar with the papers submitted by each side. I'd just like to make a very few brief points. And then, you know, in case Your Honors have any questions that I'll be happy to answer them. We'd like to very briefly just repeat that the circumstances set forth by the appellant don't support an inference of discrimination or retaliation. First and foremost, as has become apparent by the argument that Mr. Pierre just made, his claim is based upon his perception that one of his coworkers was favored because male and female supervisors were interested in dating her. And that falls squarely within the power of more preference doctrine, which clearly in this circuit is not a basis for a discrimination or retaliation claim under Title VII. You can't. Why? Go on. All right. Even if that wasn't the case, even if we took out the power of more preference doctrine, the circumstances of this case show that Mr. Pierre was not treated unequally to anyone. He received warnings. Other people received warnings. He admitted to the warnings that he received. Most of them were received before the date that he claims the discrimination against him or the alleged discrimination against him commenced. The only action taken against him that could legally be considered as adverse is his termination from employment. And his termination from employment were based upon the events of November 8th where Mr. Pierre has admitted to conduct that was, putting it mildly, was insubordinate. He admits to having left his post, although instructed not to. He admits to having screamed at his supervisor and cursed at her over a public radio in a manner so that other employees would hear. He admits that he approached the supervisor's office in a manner such that people around there thought he was there to fight. He was surrounded by Department of Homeland Security officers that had to remove him from the area and escort him out. This is unquestionably a legitimate and non-discriminatory reason for terminating somebody's employment. I won't detain your honors with further discussion because I believe that this is all in our briefs. But in case your honors have any questions about this matter, I'm prepared to answer. Thank you. I don't think we have any questions. Thank you, your honors. Your honors, if I could just say one other thing. Before argument today, Mr. Pierre, just as a precaution. Mr. Pierre, you can't just speak. Very- Don't put me down like this. You don't have to respect my title. Mr. Pierre, this is a courtroom. You should always put me down. My title. Mr. Pierre raised a question about having an interpreter here today. He made a motion for the court to provide one, and the court denied it. Denied. Yes, I'd just like to point out in his deposition that he testified that he speaks English fluently. That's at page 71 of the supplemental record, so. Thank you. Thank you, your honor. Mr. Pierre, your time has expired. Thank you very much. Thank you. Thank you. We'll reserve decision on this case. I'm going to call the next case. I have a report against a district court. A district court is not correct. Against a judge. I have one comment about that. I hope the judge will understand about that.